# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HAKEEM Y. BYRD,**
**DOC # N08147,**

    Plaintiff,

vs.                                              Case No. 4:24cv284-AW-MAF

**FLORIDA DEPARTMENT**
**OF CORRECTIONS,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a prisoner in the custody of the Florida Department of Corrections. He initiated this lawsuit by submitting a handwritten letter, ECF No. 1, which was received in mid-July 2024. Plaintiff's letter indicated Plaintiff believed his life was in danger from gang members and he sought to be placed in a protective management prison. *Id.* This case was opened for Plaintiff, but an Order was entered on July 22, 2024, directing Plaintiff to do three things: (1) either pay the $405.00 filing fee or file an in forma pauperis motion; (2) file a proper complaint on the Court form; and (3) consider whether he had already requested protection from prison

officials through a grievance or inmate request. ECF No. 3. Plaintiff was advised that a civil rights case could not proceed unless prison officials were first provided an opportunity to correct a problem, but failed to do so. *Id.* (quoting 42 U.S.C. § 1997e(a)). If Plaintiff did not exhaust the grievance process before initiating a case in this Court, he was advised to file a notice of voluntary dismissal of this case. ECF No. 3. Plaintiff's deadline to comply with all of the above was August 22, 2024. *Id.*

As of this date, nothing further has been received from Plaintiff. He has not taken steps to continue this litigation, nor has he voluntarily dismissed it. However, Plaintiff was advised that if he failed to comply with that Order, his case would be dismissed. *Id.* By failing to comply, Plaintiff has demonstrated that he has abandoned this litigation and the case should be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ."

Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here, Plaintiff was warned that if he failed to comply with the Order, his case would be dismissed. ECF No. 3. Because Plaintiff has failed to prosecute this case after being warned of the consequences, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 3, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**